# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 16-308(1) ADM/TNL
Civil No. 19-1842 ADM

Tyvion W. Benson,

        Defendant.

___

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tyvion W. Benson, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tyvion W. Benson's ("Benson") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 259] (the "§ 2255 Motion") and Pro Se Consolidated Motion to Amend under Fed. R. Civil P. 15 [Docket No. 272] ("Motion to Amend").[1] For the reasons set forth below, Benson's Motion to Amend is granted and the § 2255 Motion is denied.[2]

___

[1] All docket citations are to the Criminal Docket.

[2] The Government's Motion for Leave to File the Government's 2255 Response Late [Docket No. 269] is granted.

## II. BACKGROUND

On January 03, 2017, Benson entered a plea of guilty to Count I of the Indictment, which charged him with conspiring to violate 18 U.S.C. § 922(g)(1), the felon in possession of a firearm statute. See Plea Agreement [Docket No. 116] ¶ 1. In the Plea Agreement, Benson admitted:

> during the time period of July, 2014 through November 7, 2016, in the State and District of Minnesota and elsewhere, the defendant, Tyvion [W.] Benson, knowingly and intentionally conspired with his co-defendants and others to violate Title 18, United States Code, Section 922(g)(l), which makes it a federal crime to be a felon in possession of a firearm. Specifically, the defendant was a member of the Hit Squad street gang. Many of the members of this gang, including the defendant, were convicted felons who were prohibited from possessing firearms. One of the purposes of the gang was to prevent rival gang members from entering what the Hit Squad members considered to be their turf; namely, certain parts of the West side of St. Paul, Minnesota.

Id. Benson then admitted to five overt acts in furtherance of the gang war engaged in by the Hit Squad members. Benson admitted that he personally possessed various firearms in three out of five of the acts. Id. ¶ 1(B), (C), (E). For example, "on May 14, 2015, the defendant possessed a loaded Accu-Tek .380 caliber semi-automatic pistol during a traffic stop in St. Paul, Minnesota." Id. ¶ 1(E). Two of the overt acts admit to joint possession of a firearm with co-defendants. Id. ¶ 1(A), (D). At the change of plea hearing the Government established the factual basis of the plea:

> Prosecutor: And as part of this gang war, did you and your fellow Hit Squad members make an agreement to possess firearms? Let me ask it this way: This was a shooting gang war, wasn't it?
>
> Benson: Yes, sir.
> . . .

> Prosecutor: And you and your fellow gang members, was there an agreement to possess guns jointly for purposes of carrying out the gang war?
>
> Benson: Yes, sir.
>
> Prosecutor: And you were part of that agreement?
>
> Benson: Yes, sir.

Plea Hr'g Tr. [Docket No. 268] at 19. The Government further established the factual basis by asking Benson about the several overt acts. For example:

> Prosecutor: And I want to discuss some of the overt acts that occurred that you were personally involved in during the conspiracy. . . . [T]hen on October 28th of 2014, there was a shootout on the west side of St. Paul in which a HAM Crazy gang member was shot in the back?
>
> Benson: Yes, sir.
>
> Prosecutor: And you were over there as part of that altercation, weren't you?
>
> Benson: Yes, sir.
>
> Prosecutor: And you got caught in possession of a .32 caliber revolver?
>
> Benson: Yes, sir.

Id. at 20-21.

The Court reviewed the Plea Agreement terms with Benson related to his sentencing, noting a statutory maximum penalty of 60 months and a Guidelines range of 53 to 60 months when taking into account all the terms of the Plea Agreement. Id. at 12-15. The Court reminded Benson of its discretion to impose a concurrent or consecutive sentence.

> Court: And then it says that you're currently serving, apparently, a 60-month state sentence for being a prohibited person in possession of a firearm, which actually is based on something that's talked about in the indictment here in Overt Act [Plea Agreement ¶ 1(E)], and it's left up to me to decide whether to give you credit toward

> your federal sentence for any time served on your state sentence, so I guess I do have some room here for judgment, and that is how much credit to give you for the state time you're already doing.
>
> Benson: Yes, ma'am.
>
> Court: Okay. No guarantees about that, though, right?
>
> Benson: Yes, ma'am.

Id. at 15, 20. The Government agreed to dismiss Count 4, felon in possession of a firearm, and to move for a 3-level reduction for acceptance of responsibility. Id. at 11-12; Plea Agreement ¶ 4.

During the plea colloquy, Benson admitted that he knew as a convicted felon that his possession of a firearm was a crime:

> Prosecutor: Now, in furtherance of this conspiracy to possess firearms as convicted felons, you committed those overt acts, but what I want to make sure is, was anybody threatening you against your will to do this?
>
> Benson: No, sir.
>
> Prosecutor: You did it voluntarily?
>
> Benson: Yes, sir.
>
> Prosecutor: And did you know it was against the law?
>
> Benson: Yes, sir.

Plea Hr'g Tr. at 23.

The Court asked Benson about the plea negotiation and his attorney's representation. "Have there been any promises made to you to try to get you to plead guilty that aren't on paper here?" Id. at 10. Benson responded, "No, ma'am." Id. The Court asked if Benson was satisfied with his attorney's representation. Benson said that he was. Id. at 6.

4

Consistent with his Plea Agreement, on May 3, 2017, Benson was sentenced to 54 months' imprisonment, to run consecutive to his state court sentence. Sentencing J. [Docket No. 205] at 2. On May 16, 2017, Benson appealed his sentence, challenging the Court's decision to impose a consecutive rather than a concurrent sentence. Not. of Appeal [Docket No. 210]; United States v. Benson, 888 F.3d 1017, 1018 (8th Cir. 2018). In affirming the conviction, the Eighth Circuit commented that Benson received partial credit for time served (6 months) and the Court was within its discretion to impose a consecutive sentence of 54 months. Id. at 1019.

Benson now moves under § 2255 to vacate his sentence, arguing that he received ineffective assistance of counsel. Benson claims his attorney informed him that guilt could be established "solely by the Government proving that he was a member of a gang" or that he "was a member of Hit Squad." Mem. Supp. Mot. Vacate ("Mem.") [Docket No. 260] at 2–3; Mot. at 4. Benson claims he would not have pled guilty if he had known the Government had to prove that Benson "came to an agreement with other members of Hit Squad." Mem. at 3. Benson also argues his attorney convinced him to enter a plea agreement by telling him that the Sentencing Guidelines "mandated that the undischarged term of imprisonment" from his state sentence run concurrently with his federal sentence. Mem. at 5; Mot. at 4-5.

On November 4, 2019, the Court received additional pro se arguments from Benson citing Rehaif v. United States, 139 S. Ct. 2191 (2019), which was decided near the time Benson submitted his motion and memorandum. Mot. Amend at 2, 4-10.[3] Benson argues that his plea

---

[3] The Court will treat Benson's Motion to Amend as a supplement to his original § 2255 Motion and will therefore consider the merits of his additional ground — that his guilty plea was entered into unknowingly.

5

agreement could not have been knowingly and intelligently made because Rehaif added an element that he did not know the Government would need to prove in his case. Since Benson and his attorney could not have known of this element before he decided to plead guilty, Benson claims that his plea cannot be knowing and intelligent and his counsel was ineffective.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See United States v. Timmreck, 441 U.S. 780, 783 (1979).

In Strickland v. Washington, the Supreme Court set forth the standard for claims of ineffective assistance of counsel. 466 U.S. 668 (1984). To properly demonstrate a claim, a defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Second, the defendant "must show that the deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that a reasonable probability exists that but for the attorney's errors, the result of the proceeding would have been different. Id. at 694. "[A] reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. "The two part Strickland test 'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" Tinajero-Ortiz v. United States, 635 F.3d 1100, 1103 (8th Cir. 2011) (quoting, Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

**A. Ineffective Assistance of Counsel and Plea Agreement**

Benson claims his former attorney told him that to be found guilty the only thing the Government needed to prove was "guilt by association," by showing that Benson was a member of a gang, or at most, that he was a member of Hit Squad. Benson argues that he could not enter a guilty plea knowingly and voluntarily because this "guilt by association" did not reflect the actual elements of the crime that the Government needed to prove. Benson also claims his guilty plea was not knowing and voluntary because his attorney told him his federal prison sentence was mandated to run concurrently with his state prison sentence.

Benson's former attorney has submitted an affidavit directly contradicting these claims. Malacko Aff. [Docket No. 270-1]. But, even assuming Benson's pre-change of plea hearing claims are true, the record of the change of plea hearing conclusively shows Benson knowingly and intelligently pled guilty to all elements of the crime. Benson's admissions in his plea agreement, which he affirmed in his plea colloquy, establish that he "knowingly and intentionally conspired with his co-defendants and others to violate Title 18, United States Code, Section 922(g)(l), which makes it a federal crime to be a felon in possession of a firearm." Plea Agreement at ¶ 1. Benson makes no claim in his motion papers that his statements under oath during his plea hearing were untrue. That is, Benson is not claiming that he is actually innocent.

7

Benson does not claim he was coerced into making his admissions. Nor, does he claim his mental faculties were compromised, or that he struggled to understand the terms of the plea agreement and plea colloquy. The transcript of his plea hearing clearly establishes that Benson did know that his possession of a firearm was illegal. He knew that he was admitting to more than mere association with the Hit Squad gang. Benson admitted to several overt acts, possessing firearms both personally and jointly with other gang members in furtherance of the conspiracy. He also knew that he was a felon who under the law was prohibited from possessing firearms for any purpose. Therefore, his former attorney's alleged representations did not prejudice Benson's defense.

The record also shows conclusively that Benson knowingly and intelligently pled guilty, having been advised of the Sentencing Guidelines, federal statutory maximums, and their relationship to the state court sentence he was already serving. The Court informed Benson of the maximum statutory federal sentence of 60 months for the federal conspiracy revealed in the Plea Agreement. See United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (holding a defendant has "no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences"). Benson's state sentence, according to the plea colloquy and Plea Agreement, was based on the overt act described in Plea Agreement paragraph 1(E). Benson admitted it was one of many overt acts taken as part of the gang war conspiracy. And, the Court reminded Benson that although the state sentence would be considered, there were no guarantees about how much time would be credited toward the federal sentence. Later, at the sentencing hearing, the Court concluded that 6 months credit for his state sentence to be followed by a

federal sentence of 54 months was the appropriate sentence.[4] Therefore, his former attorney's representation did not prejudice Benson's defense.

Benson has failed to show he "would not have pled guilty and would have insisted on going to trial absent his attorney's misrepresentations." Tinajero-Ortiz, 635 F.3d at 1104-05. The Court need not examine whether counsel's representation was deficient, because Benson has failed to show any prejudice. Id. at 1104.

**B. Motion to Amend - Rehaif**

Benson argues his "plea agreement was not knowingly or voluntarily entered into based on Rehaif." Mot. Amend at 4.

The holding in Rehaif requires the Government prove that a person whose prohibited status bars them from possessing a firearm know of both this status and his possession of a firearm to "knowingly violate" the ban in 18 U.S.C. § 922(g).

Benson's testimony during the plea colloquy was that he knew that as a convicted felon it was against the law for him to possess a firearm. Benson's Plea Agreement also included admissions that he knew his status as a felon and knew that he was possessing firearms jointly with his co-conspirators. Plea Agreement at ¶ 1. As described above, there is no evidence or claim that Benson failed to understand the substance of his admissions in the Plea Agreement, and there is nothing to suggest that his admissions were involuntary or coerced.

---

[4] The Court properly considered the § 3553(a) factors, as the Eighth Circuit previously affirmed when rejecting Benson's direct appeal. United States v. Benson, 888 F.3d 1017, 1018 (8th Cir. 2018).

### C. An Evidentiary Hearing is Not Warranted

Under § 2255, a petitioner is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Benson's claims are contradicted by the record; therefore, an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this Motion differently, or that any of the issues raised in the Motion would be debatable among reasonable jurists.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Tyvion W. Benson's Pro Se Consolidated Motion to Amend under Fed. R. Civil P. 15 [Docket No. 272] is **GRANTED;**

2. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 259] is **DENIED**;

3. The Government's Motion for Leave to File the Government's 2255 Response Late [Docket No. 269] is **GRANTED**; and,

4. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 14, 2019.